[No. 33715. Department Two. March 7, 1957.]

MAYBELLE L. FOX, *Appellant*, v. MERRITT E. FOX, *Appellant*,
NEAL CLARK, *Respondent*.[1]

*Claire Wheeler Seltzer*, for appellants.

*A. C. Long* and *Neal Clark*, for respondent.

PER CURIAM.—Mrs. Maybelle L. Fox retained attorney Neal Clark to bring a divorce action against her husband Merritt E. Fox. On August 19, 1955, she entered into a written contract of employment with him, in which she agreed to pay five hundred dollars for his services. On September 3, 1955, Mr. and Mrs. Fox were reconciled. Shortly thereafter, they called upon Clark and demanded the immediate return of four hundred dollars. This being refused, they petitioned, in the pending divorce action, for the return of $433.50.

The petitioners alleged that Clark had solicited the employment, and alleged misconduct on his part. This was denied by Clark, who asserted that he had procured the execution of a property settlement between the parties and had

[1]Reported in 307 P. (2d) 1062.

performed the services contemplated by the contract of employment, except only the procuring of the decree of divorce.

At the trial, the testimony was in sharp conflict. The trial court made findings of fact that supported Clark's position.

██ The cause presents questions of fact only. Findings of a trial court made on conflicting testimony will not be disturbed unless we can say, as a matter of law, that the evidence preponderates against them. *Skov v, MacKenzie-Richardson, Inc.,* 48 Wn. (2d) 710, 296 P. (2d) 521. The findings of the trial court are supported by the record.

The judgment is affirmed.